[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15375
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 11, 2010
JOHN LEY
CLERK

Agency Nos. A097-928-261,
A097-928-262

TERESITA JOSEPHINA LOPEZ DE GRATEROL,
MANUEL ANDRES GRATEROL-ROJAS,
MANUEL JOSE GRATEROL-LOPEZ,
JUAN MANUEL GRATEROL-LOPEZ,

                                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(August 11, 2010)

Before BARKETT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Teresita Josefina Lopez de Graterol, a native and citizen of Venezuela appearing through counsel, seeks review of the Board of Immigration Appeals' ("BIA") decision affirming the Immigration Judge's ("IJ") order denying her asylum and withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhumane, and Degrading Treatment or Punishment ("CAT"), INA §§ 208, 241, 8 U.S.C. §§ 1158, 1231; 8 C.F.R. § 208.16(c).[1]  Lopez de Graterol contends that she was persecuted in Venezuela – and would be again – on account of her political opinion.  The BIA affirmed the denial of asylum on the ground that her application was untimely filed, and the denial of withholding of removal and relief under CAT on the ground that she did not testify credibly.  On petition for review, Lopez de Graterol argues that she demonstrated changed circumstances excusing the untimely filing of her asylum application, and that the BIA's adverse credibility finding is not supported by substantial evidence.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's opinion.  Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001).  Here, the BIA did not expressly adopt any part of the IJ's opinion, so we review only the BIA's decision.

_____

[1] Lopez de Graterol's husband, Manuel Andres Graterol-Rojas, and children, Manuel Jose Graterol-Lopez and Juan Manuel Graterol-Lopez, are derivatives of her asylum application.

2

We review the BIA's factual findings, including credibility determinations, under the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). Under this standard, we "must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1284 (internal quotation marks omitted). We will not reverse a factual finding unless "the evidence compels a reasonable fact finder to find otherwise." Chen v. U.S. Att'y Gen., 463 F.3d 1228, 1231 (11th Cir. 2006) (internal quotation marks omitted).

An applicant for asylum must file her application within one year of her arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). A late application may be considered if the applicant demonstrates "either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay . . . ." 8 U.S.C. § 1158(a)(2)(D). However, the INA expressly divests us of jurisdiction to review any such determination. 8 U.S.C. § 1158(a)(3); Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1231 (11th Cir. 2007). Here, Lopez de Graterol did not file her asylum application until February 2004, more than three years after her arrival in the United States. The BIA found that she had not demonstrated changed or extraordinary circumstances to excuse such a delay. Because we lack jurisdiction

3

to review this determination, we dismiss this portion of Lopez de Graterol's petition for review.[2]

To qualify for withholding of removal under the INA, an applicant must show that it is more likely than not that her life or freedom would be threatened in that country because of her race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A); Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1232 (11th Cir. 2005). To qualify for relief under CAT, an applicant must show that it is more likely than not that she would be tortured in that country. Sanchez Jimenez, 492 F.3d at 1239; 8 C.F.R. § 208.16(c)(2). An applicant's testimony, if credible, may carry her burden of proof without corroboration; conversely, an adverse credibility determination alone may be sufficient to support the denial of an application. Forgue, 401 F.3d at 1287. If the BIA finds an applicant not credible, it must make an explicit adverse credibility finding and offer "specific, cogent reasons" for the finding. Id. Once an adverse credibility determination is made, the burden shifts to the applicant to show why the determination was not supported by "specific, cogent reasons" or was not based on substantial evidence. Id.

---

[2] We also lack jurisdiction to review Lopez de Graterol's asylum claim because she did not raise the argument that her late filing was excused in her brief before the BIA, and thereby failed to exhaust her administrative remedies. See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250 (11th Cir. 2006) (holding that failure to exhaust eliminates appellate jurisdiction, even when the BIA sua sponte considers the claim).

4

In this case, the BIA gave specific, cogent reasons for finding Lopez de Graterol not credible, and those reasons are supported by the record. The BIA based its credibility determination on material omissions and inconsistencies among her written application, hearing testimony, and the affidavits she submitted from her siblings. Specifically, the BIA noted that Lopez de Graterol failed to mention several incidents of claimed persecution in her written application that she raised during her testimony before the IJ. The BIA also noted the discrepancy between Lopez de Graterol's testimony that she was prompted to file her application because her siblings were detained in Venezuela, and her siblings' affidavits stating that they were not detained until several weeks after the application was filed. The BIA found that Lopez de Graterol failed to provide a satisfactory explanation for how she could have included information in her application that had not yet occurred.

Lopez de Graterol offers explanations for the omissions and inconsistencies and argues that they are minor and not central to her claims. However, the record does not compel the conclusion that the omission of several incidents of claimed persecution from her application and the discrepancy as to the timing of the event that allegedly caused its untimely filing are so immaterial and unrelated to her claims that they cannot be the basis for an adverse credibility determination. Although Lopez de Graterol explained that she forgot to include the omitted

5

incidents in her application and was confused about the date of her siblings'
detention, these explanations do not compel the conclusion that she was credible.
See Chen, 463 F.3d at 1233 (concluding that, although applicant offered tenable
explanation for inconsistencies, the explanation did not compel reversal of adverse
credibility determination).

For these reasons, substantial evidence supports the BIA's adverse
credibility determination and resulting denial of Lopez de Graterol's application
for withholding of removal under the INA and relief under CAT.[3]  Accordingly, we
deny this portion of her petition for review.

**PETITION DISMISSED in part, DENIED in part.**

---

[3] Because the BIA found the adverse credibility determination to be dispositive, we do
not reach the merits of Lopez de Graterol's claims for withholding of removal and for relief
under CAT.